[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Robert Jeffrey has filed this petition for habeas corpus on the ground that his incarceration on charges of sexual assault in the first degree and kidnapping in the first degree is illegal because he did not have the benefit of effective legal counsel at his trial.
The petition alleges a number of ways in which counsel is claimed to have been ineffective, however, evidence was presented only as to the following claims:
 1. counsel failed to object on grounds of hearsay to the admission of a written report titled Sex Crimes Report prepared by a police officer on the basis of her interview with the complaining witness;
 2. counsel failed to request that the trial judge instruct the jury that prior consistent statements by a rebuttal witness called by the State were admissible only on the issue of credibility, and not for their substance;
 3. counsel failed to request a continuance after damaging testimony by the State's rebuttal witness and to attempt to locate and present the testimony of witnesses whom the petitioner claimed would refute her testimony.
The petitioner claims to have presented evidence as to a fourth claim, that is, that trial counsel was also ineffective in failing to object to the State's examination of a witness, Cheryl Baker; however, the petitioner did not identify, either in his petition or at trial, the specific questions to which he claims objections should have been made. While the petitioner offered the testimony of an expert, Attorney James Swaine, who testified that the three failures listed above fell below the standard for competent criminal defense counsel at the time of petitioner's trial, Attorney Swaine was not questioned as to the claim of failure to object to questions posed to Ms. Baker, nor was any other evidence presented to prove that failure to object to any question or questions was outside the range of performance for reasonably competent criminal defense counsel at the time. Accordingly, this court considers this fourth claim to have been abandoned. CT Page 3969
The right to counsel, guaranteed by the Sixth Amendment to the Constitution of the United States, is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 777
n. 4 (1970). There are two components of a claim of ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The United States Supreme Court has recently explicated the "prejudice" requirement in Lockhart v. Fretwell, ___ U.S. ___,113 S.Ct. 838, 843, ___ L.Ed.2d ___ (1993), holding that in order to show prejudice, a petitioner must show not only that the claimed deficiencies of counsel may have affected the reliability of the outcome of the trial, but that they resulted in a trial that was unfair and unreliable.
The Connecticut Supreme Court has ruled that in order to prevail on a claim of ineffective assistance of counsel a petitioner must establish that counsel's errors were such to give rise to "a probability sufficient to undermine confidence in the outcome" of the trial. Bunkley v. Commissioner of Correction,222 Conn. 444, 446 (1992).
The State urges that in deciding whether prejudice resulted from the first two claimed omissions of trial counsel, this court should heed certain dicta set forth in the ruling of the Connecticut Supreme Court in petitioner's direct appeal from his conviction. State v. Jeffrey, 220 Conn. 698 (1991). In that appeal, the petitioner sought review of his claim that the Sex Crimes Report should have been excluded as hearsay. Because no hearsay objection was raised at trial, the petitioner sought review of this claim under the "plain error" standard. The Supreme Court declined, observing that "[s]uch review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings."220 Conn. at 697-98, quoting State v. Hinckley, 198 Conn. 77, 87-88 (1985). The Supreme Court then observed that
 to a great extent the sex crimes report was cumulative of the testimony of [the police officer] concerning her interview with the complainant. It is unlikely, therefore, that its impact was critical CT Page 3970 to the outcome of the trial.
The petitioner also sought plain error review of the failure of the trial court to instruct the jury that evidence of the prior consistent statements of a rebuttal witness whom the defense has impeached for bias were admissible only on the issue of credibility, and not for the substance of the statements. The Supreme Court again declined to afford such review "because the trial court's failure to give a limiting instruction did not constitute `error . . . so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' State v. Hinckley, supra," State v. Jeffrey, 220 Conn. at 715.
While the standard for plain error view and the standard for prejudice announced in Lockhart v. Fretwell, supra, are very similar, the respondent does not urge that a finding of non-reviewability under the plain error standard is binding on a habeas court determining the issue of prejudice. It is the determination of this court that the dicta cited above do not preclude a finding of prejudice, since it is the task of a habeas court not simply to review each claimed omission by trial counsel, but to assess whether, as a whole, the claimed omissions rendered trial counsel ineffective in fulfilling the petitioner's right to counsel at trial. A claim of ineffective assistance is not, like a resort to plain error review, based solely on the effect of each individual issue but raises the more global issue whether "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment." Bunkley, supra, at 455.
Even if the court accepted completely Attorney Swaine's testimony that the three claimed deficiencies put trial counsel's performance below the standard applicable for criminal defense attorneys at the time, this court does not find that the omissions, either singly or in combination, were such that they created unconstitutional prejudice to the petitioner's right to a fair trial within the Strickland-Lockhart standard. The Sex Crimes Report contained only the same information concerning the complainant's version of the assault that she had testified to and that the police detective had testified had been recounted to her five days after the assault. That report, which on its face is clearly only a report of what a victim has said, not an official confirmation of the truth of the reported version, has not been shown to have put before the jury facts not testified to by the complainant and the detective. While more skilled counsel CT Page 3971 may have been able to limit the presentation of the victim's version to two verbal renditions rather than two verbal ones and one written one, the court cannot conclude that the additional repetition was an error so serious as to render the result of the trial unreliable. Bunkley, supra, at 455.
The failure to request a limiting instruction did not result in prejudice. The rebuttal witness at issue was a woman who worked at the restaurant which the defendant managed and who had lived with the defendant for a period of time after his arrest and before trial. When she testified that the defendant had behaved abnormally the night of the assault and had not reported to work for two days thereafter, defense counsel tried to impeach her perceptions and credibility by implying that she was a jilted lover. The State than asked the witness whether she had reported the same observations to defense counsel and to defendant's parents before the alleged jilting. The petitioner does not assert that it was an error for defense counsel to attempt to impeach the rebuttal witness when he knew she had made the same report to him before her alleged motivation to lie had ripened.
The strategy of the defense was to depict the events as "vigorous" but consensual sex with a woman who courted the defendant's attention in a bar. The defendant did not deny that the sexual encounter occurred, but testified that it was consensual, and he pitted his own credibility against that of the complainant. The limiting instruction which he now claims his counsel should have requested would have been that the jury should consider the evidence that the rebuttal witness told his lawyer and his parents that he acted abnormally after the encounter not for its substance but only for the witness's credibility. The court finds that such an instruction would have highlighted the overall issue of credibility, and would have called the jury's attention to a second contest of credibility, that is, the defendant's attempt to depict yet another woman as a liar despite her consistency in making the damaging observation both at a time when she was ostensibly well disposed toward the defendant and thereafter. The court does not find that failure to call further attention to this testimony was prejudicial under the Strickland-Lockhart standard.
The final claim of ineffectiveness is that defense counsel, when confronted with the damaging testimony that the defendant behaved abnormally and stayed away from work after the sexual encounter at issue, should have requested a recess and should CT Page 3972 have tried to locate witnesses who would confirm the defendant's version that he was in fact at work performing normally on the days in question.
The court does not, however, find that if defense counsel had requested a continuance, there is any reasonable likelihood that he would have been able to locate and produce helpful witnesses on the issue of petitioner's demeanor and presence at work in the period at issue. The restaurant that the petitioner had managed went out of business in November or early December 1988. Since the petitioner and his counsel did not anticipate that his demeanor and presence at work would be an issue, no attempt had previously been made to contact any of petitioner's former co-workers.
On October 16, 1989, the date the State's rebuttal witness testified, neither petitioner or his counsel had either the address or telephone number of any of the three witnesses that the petitioner thought might be helpful: Robert Swan, Curtis Pitts, and Loretta Elkins. Pitts, who was the petitioner's roommate as of October 12, 1988, the date of the occurrence for which petitioner was charged with sexual assault, moved out in November or December 1988. As of the date of trial, Pitts was in an unknown location in Florida and had not communicated with petitioner since he moved out of their apartment. The petitioner now speculates that his lawyer might have been able to locate Pitts through his ex-wife or his divorce lawyer, whose name was not known to him, however he adduced no evidence to demonstrate that Pitts could indeed have been located by such means in October 1989 within the time that a judge might reasonably allow for this purpose in the course of an ongoing jury trial, and Pitts testified at the habeas hearing that his wife, who was listed in the telephone book under her maiden name, did not know his address at that time.
The court does not find that there was any reasonable prospect that defense counsel could have located Curtis Pitts and brought him to Connecticut from Florida as a surrebuttal witness within the time available, and his failure to try to do so does not, therefore, amount to ineffective assistance.
Raymond Swan, another former co-worker of the petitioner, had moved from Deep River to Clinton before 1988 and 1989. Swan's only contact with the petitioner after the restaurant closed was when he happened to run into him in public. He did CT Page 3973 not testify that the petitioner knew even what town he lived in. When, after his conviction, the petitioner tried to locate Swan to obtain his version of the events of the night of October 12, 1988, he was unable to find Swan until November 25, 1989, and he found him by the happenstance of dropping in at a restaurant that he knew Swan sometimes visited. The court does not find it reasonably probable that trial counsel could have located Swan and secured his presence at trial in the limited time available.
The third former co-worker whom the petitioner claims his trial counsel should have attempted to locate is Loretta Elkins. The petitioner's counsel indicated that he had in his possession a letter or statement from Elkins, however he did not present either the statement or her testimony at the trial of the habeas petition. The court concludes that her testimony would not have supported the petitioner's claims.
Though the effective assistance of counsel includes counsel's obligation to investigate the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case, Sieman v. Stoughton, 184 Conn. 547, 556 n. 3 (1981); Ostolaza v. Warden, 26 Conn. App. 758, 765 (1992), an evaluation of counsel's investigative efforts cannot take place in a vacuum. Summerville v. Warden, 29 Conn. App. 162, 172
(1992). In Summerville, at 176, the Appellate Court recognized that where a claim involves failure to present surrebuttal testimony, the investigatory duty of counsel "is necessarily examined differently because it arises in the context of the ongoing trial proceedings." In Ostolaza, at 766, the court noted that there must be a showing that so-called witnesses would in fact have been available to counsel.
This court does not find that petitioner's trial counsel had any reasonable prospect to locate surrebuttal witnesses within any expected continuance, and his failure to attempt to do so did not render his assistance ineffective within the Strickland standard.
CONCLUSION
Neither singly nor in combination did the claimed omissions of trial counsel constitute ineffective assistance of counsel, and the court does not find that the petitioner is being incarcerated in violation of his rights under the Sixth Amendment. CT Page 3974
The petition is hereby dismissed.
Beverly J. Hodgson Judge of the Superior Court
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 3982